IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOEL B. MONTGOMERY, et al.,

        Plaintiff,           :        Case No. 3:07-cv-470

    -vs-                                      Magistrate Judge Michael R. Merz

                                    :

MARY L. SANDERS, et al.,

        Defendants.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES AND EXPENSES**

This case is before the Court on Plaintiff's Petition for Attorney Fees and Expenses (Doc. No. 75). The Petition was submitted in response to the Court's determination that Plaintiff was entitled to "an award of expenses and attorney fees for filing the Second Motion to Compel." (Decision and Order, Doc. No. 73, PageID 866.)

Fed. R. Civ. P. 37(a)(5)(A) provides

> If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

As with other awards of attorney fees, the proper method under Rule 37 is the lodestar method: reasonable hourly rate times hours reasonably expended. *Green v. Baca*, 225 F.R.D. 612 (C.D. Cal. 2005); *Cobell v. Norton*, 231 F. Supp. 2d 295 (D.D.C. 2002); *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

Plaintiff seeks a total award of $25,731.45 which includes $188.45 in expenses. The Petition is supported by the Affidavit of Kevin Podlaski. At ¶ 9 Mr. Podlaski sets forth the hourly rates

1

charged for the four attorneys assertedly involved with the Second Motion to Compel. The Court finds that those rates are reasonable and comparable to rates charged in the Dayton, Ohio, area by attorneys with comparable experience. Defendants do not dispute the reasonableness of those rates.

Defendants do assert, however, that not all of the time for which recovery is sought was reasonably expended on the Second Motion to Compel; they point to entries in Plaintiff's counsel's time records which do not appear to be related to the Motion. Plaintiff responds by pointing to authority from other Judges of this Court which he cites for the proposition that "fees incurred by counsel in order to obtain discovery are compensable when a Motion to Compel is granted." (Reply, Doc. No. 80, PageID 983, *citing J4 Promotions, Inc., v. Splash Dogs, LLC,* 2010 U.S. Dist. LEXIS 605590[1] (S.D. Ohio May 25, 2010)(Kemp, Ch. M.J.)) Judge Kemp in turn cites the practice of other judges of this Court to the same effect. While not bound to follow those decisions as a matter of strict *stare decisis*, the undersigned finds Judge Kemp's logic persuasive and also believes consistency across judicial officers of the Court is conducive to both fairness and predictability in litigation.

That said, the Court agrees with Defendants' counsel that many of the entries on the ledger sheet (presumably collecting or taken from contemporaneously created time records) do not show that the time expended was related to the Second Motion to Compel. Based solely on review of the descriptions for time entries which do not appear to be related to the Second Motion to Compel, even applying Judge Kemp's liberal standard, the Court disallows 8.8 hours of Mr. Podlaski's time, 10.1 hours of Ms. Bauer's time, and 2.7 hours of Mr. Henry's time, or a total of $5,737.50.

Plaintiff is hereby awarded $19, 993.95 in fees and expenses.

January 31, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[1] The Westlaw citation given by Plaintiff for this case is incorrect.

2