IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


JOEL B. MONTGOMERY, *et al.*,          :

                               Case No. 3:07-cv-470

        Plaintiffs,

                               Magistrate Judge Michael R. Merz

    -vs-

MARY SANDERS, *et al.*,

        Defendants.          :

## DECISION AND ORDER

This case is before the Court on various pending motions which the Court will address in order.

I. <u>Plaintiffs' Motion to Compel Depositions of Government Employees</u> (Doc. 106)

Plaintiffs have moved this Court pursuant to Fed.R.Civ.P. 37(a)(1) and S. D. Ohio Civ. R. 37.2 for an order "compelling Defendants to produce Government witnesses for deposition as previously agreed to by defendants' counsel". (Doc. 106, PageID 1344). The parties have fully briefed the issues, (Doc. 106, 113, 121).

Plaintiffs' claims in this matter are based primarily on the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the Privacy Act of 1974, 5 U.S.C. § 552a ("PA"), and the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* ("APA"). See, Second Amended Complaint (Doc. 86, filed Nov. 15, 2010). Plaintiffs have also brought a Fifth Amendment liberty interest

claim.[1]  *Id.*  Plaintiffs seek to depose the following federal employees: Colonel Karen A. Cleary; Emmanuel "Manny" Gomez, Jr.; Gayle C. Blue-Keyes; Teresa A. Schroerluke; Colonel Richard T. Egtvedt; Wes Welker; and Alan Montgomery.  Doc. 106, PageID 1351.  Defendants argue that discovery is "greatly restricted" in FOIA and PA actions and "even more limited" in APA actions, PageID 1523 and 1527, and therefore Plaintiffs are not entitled to depose the identified individuals.

"Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery."  *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001)(citation omitted).  Discovery is not typically a part of FOIA and Privacy Act cases and whether to permit discovery is within the sound discretion of the district court. *Broaddrick v. Executive Office of the President,* 139 F.Supp.2d 55, 63 (D.D.C. 2001)(citations omitted). Discovery is arguably even more limited in cases brought under the APA. Cf., *Kroger Co. v. Reg'l Airport Authority of Louisville and Jefferson County,* 286 F.3d. 382, 387 (6th Cir. 2002), *citing, Camp v. Pitts,* 411 U.S. 138 (1973)("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); see also, *In re: Removal from United States Marine Corps Reserve Active Status List Litigation,* 787 F.Supp.2d 1350 (J.P.M.L. 2011).

Plaintiff filed this action on December 21, 2007, almost four years ago.  (Doc. 1). Over time, as the Court's docket reflects, the parties have engaged in extensive motion practice.  On July 16, 2010, Defendants' counsel wrote to Plaintiffs' counsel, "Regarding your desire to take Civil Rule30(b)(6) depositions in this case, the following names are provided for your consideration:..." Affidavit of Kevin P. Podlaski, June 9, 2011, Ex. A attached thereto (Doc. 106, Att.3, Ex. A; PageID

---

[1] This claim is presumably a "Bivens action".  See, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

2

1372-73).² Defendants' counsel then identified Ms. Debra L. Kyle, Ms. Teresa A. Schoerluke, Mr. Leslie Blake, and Ms. Pamela Crawford as possible deponents. *Id.* During September, October, and November, 2010, Plaintiffs' counsel's legal assistant had various communications with Defendants' counsel's legal assistant concerning the scheduling of the depositions of Teresa Schroerluke and Joel Montgomery. Affidavit of Krista Wither, June 2, 2011 (Doc. 106, Att.2; PageID 1359-60).

On February 8, 2011, Plaintiffs' counsel sent to Defendants' counsel an e-mail which reads in part: "...we need to schedule depositions for those witnesses which are relevant to the Amended Complaint. To begin with, I would like to depose Teresa Schroerluke ..." (Doc 106. Att. 3, Ex. D thereto; PageID 1378). Plaintiffs' counsel sent an e-mail to Defendants' counsel on February 15, 2011, which reads in part:

> In light of the Court's recent ruling allowing for plaintiff to file a Second Amended Complaint, which allows us to add the counts concerning defendants' violations of the Administrative Procedure Act, we find it necessary to add several fact and FRCP 30(b)(6) witnesses to the list of depositions that we want to take. This will take additional time to complete. ...

*Id.,* Ex. E thereto; PageID 1379.

On February 22, 2011, Plaintiffs' counsel sent to Defendants' counsel a Notice of Deposition of Government Witnesses in which Plaintiffs noticed their intent to depose the following "Government employee fact witnesses": Allen Montgomery, Col. Richard T. Egrvedt, Col. Karen Cleary, Wes Walker, Emmanuel "Manny" Gomez, Jr., Gayle C. Blue-Keyes, Augustine Jannarone, Teresa A. Schroerluke, and Pamela S. Crawford. *Id.*, Ex. F thereto, PageID 1380-82.

Defendants' counsel's legal assistant sent Plaintiffs' counsel's legal assistant an e-

---

² Defendants do not dispute the authenticity of this letter or of any of the other documents Plaintiffs have attached to the present Motion. (Doc. 113).

mail on February 24, 2001, which reads in part:

> ...
>
> As to the multiple depositions Mr. Podlaski wishes to schedule in this case, it would work best for us to have a proposed schedule, submitted in writing, with dates, times, and locations for each of the proposed depositions. We need a jumping off point to get depositions scheduled, especially since our efforts must be coordinated with at least 2 Air Force attorneys, in addition to the witnesses.
>
> ...

*Id.,* Ex. H thereto, PageID 1386.

Plaintiffs' counsel's legal assistant sent to Defendants' counsel's legal assistant an e-mail on March 1, 2011, which reads in part:

> Kevin would like to do these depositions in March and April. Here are the dates that Kevin is available:
>
> March – 14-18, 21, 28-30
>
> April 12-15, 18-20, 22-26, 28-29
>
> Depositions to take place at Mark Henry's Office in Dayton OH
>
> Would like to focus on getting the following depositions scheduled first beginning at 8:00 a.m. Will need approximately 2 hours for each deponent. We can also make this a two day if necessary.
>
> Col. Karen A. Cleary
> Emmanuel "Manny" Gomez, Jr.
> Gayle C. Blue-Keyes
> Teresa A. Schroerluke
> Col. Richard T. Egtvedt
> Wes Welker
> Allen Montgomery
> ...

*Id.*, Ex. I thereto, PageID 1387.

During March and April, 2011, Plaintiffs' counsel's legal assistant inquired of

4

Defendants' counsel's legal assistant several times as to the status of scheduling the depositions. *Id.,* Exs. J, K, L, M, N, O thereto, PageID 1388-95. In response to those inquiries, Defendants' counsel's legal assistant essentially advised Plaintiffs' counsel's legal assistant on March 8, 2011, and on March 31, 2011,that she had forward the inquiries to Defendants' counsel. *Id.,* Exs. N and O thereto, PageID 1393, 1395.

On April 22, 2011, Plaintiffs' attorney's legal assistant sent to him an e-mail that reads in part:

> I received the email from [Defendants' counsel's legal assistant] and just got all the information. I also received a call from [Defendants' counsel]. He would like for you to respond to his email about a time to talk next week. Also, we discussed depositions. He would like to do the Dayton depos first. Believes that you/him will have to travel for the rest. He wanted to know how long you would want for each deposition.
> ...

*Id.*, Ex. Q thereto, PageID 1398.

Defendants' counsel contacted Plaintiffs' counsel by way of e-mail dated April 27, 2011, in which he advised that counsel "need[ed] to talk about getting a a protective order in place in order to facilitate some of the discovery requests." *Id.*, Ex. R thereto, PageID 1400.

By letter dated May 5, 2011, addressed to Defendants' counsel, Plaintiffs' counsel reviewed several issues including scheduling the depositions of government witnesses. *Id.,* Ex. T thereto, PageID 1405-06. In a May 25, 2011, letter to Plaintiffs' counsel, Defendants' counsel noted that in a May 17, 2011, telephone conference, and May 20, 2011, status conference with the Court, the parties discussed Plaintiffs' desire to take the depositions of seven government employees and raised objections to Plaintiffs' counsel taking those depositions. *Id.* Ex. U thereto, PageID 1408-09. On May 20, 2011, the Court held a status conference during which Defendants' counsel raised their

5

objection to Plaintiff taking any more depositions. Transcript of May 20, 2011, Status Conference (Doc. 108; PageID 1473-74). Plaintiffs' counsel represented that on May 17, 2011, Defendants' counsel first raised objections to Plaintiffs' taking the depositions at issue. *Id.,* PageID 1474.

The Court notes that generally, discovery in FOIA, PA, and APA actions is, at best, limited. *Rugiero, supra; Broaddrick*, *supra; Kroger Co., supra.* However, as *Broaddrick* points out, whether to permit discovery is within the court's sound discretion.

The parties have been negotiating, since at least July, 2010, the scheduling of Plaintiffs' taking the depositions at issue. Defendants did not raise an objection to the taking of the depositions until May, 2011, almost one year after the parties began the scheduling negotiations. In other words, throughout the negotiations, Defendants' counsel tacitly agreed to produce the government witnesses for depositions. In view of Defendants' counsel's tacit agreement, this Court finds that Defendants have essentially waived any objection to Plaintiffs taking the depositions. See *In re: Dow Corning Corp.,* 250 B.R. 298, 315 (Bankr.E.D.Mich. 2000).

Plaintiffs' Motion to Compel Depositions of Government Witnesses, (Doc. 106), is therefore well taken and hereby granted. The parties shall, not later than December 20, 2011, set dates for the depositions of Col. Karen A. Cleary, Emmanuel "Manny" Gomez, Jr., Gayle C. Blue-Keyes, Teresa A. Schroerluke, Col. Richard T. Egtvedt, Wes Welker, and Alan Montgomery. and file the agreed schedule of depositions with the Court. If the parties are unable to reach an agreement as to deposition dates and locations, or if the parties fail to file the schedule with this Court, the Court will order the setting of the depositions. The depositions shall take place and be completed not later than February 29, 2012.

Finally, the Court will entertain Plaintiffs' properly prepared and filed motion for fees

6

incurred in connection with the instant Motion.

    II. <u>Plaintiff's Motion to Compel Production of Documents</u> (Doc. 107)

Plaintiffs have moved this Court pursuant to Fed.R.Civ.P. 37(a)(1) and S. D. Ohio Civ. R. 37.2 for an order "compelling Defendants to produce documents previously requested by Plaintiffs ... specifically: an Office of Personnel Management (OPM) report of a security investigation relating to false, derogatory statements made about Montgomery, a Federal Bureau of Investigation (FBI) criminal report into Montgomery's actions, and the other documents requested by Plaintiff's in their Third Request for Production of Documents to Defendants." (Doc. 107, PageID 1413). The parties have fully briefed the issues, (Doc. 107, 114, 120), and the matter is ripe for decision on the merits.

Plaintiffs have moved the Court for an Order requiring Defendants to produce certain documents which are in the possession of Federal agencies which are not named defendants in this action. Basically, the Defendants' position is the agencies from which Plaintiffs seek the documents at issue are not parties to this action and accordingly Defendants do not have control of the requested documents. Defendants seem to argue that because they do not have control of the documents at issue, they are not required to produce them pursuant to the Federal Rules of Civil Procedure. Defendants also argue that some of the documents that Plaintiffs seek are classified and therefore not subject to production.

Federal Rule 34(a) provides that a party may serve on any other party a request to produce designated documents which are in the possession, custody or control of the party upon whom the request is served. *In re: Bankers Trust Co.,* 61 F.3d 465,469 (6th Cir. 1995)[3]. It is well

---

[3] Although Fed.R.Civ.P. 34 has been amended since the Sixth Circuit decided *Bankers Trust,* the proposition for which this Court relies on the Rule remains the same.

established that the Government, as a litigant, is bound by the rules of discovery to the same extent as any other litigant." *United States ex rel Roby v. Boeing Co,* 189 F.R.D. 512, 517 (S.D. Oh. 1999), citing *United States v. Procter & Gamble Co.,* 356 U.S. 677 (1958). Thus, fundamental fairness dictates that the *Touhy* regulations should not apply where the Government is a party to the litigation. *Boeing Co., supra*., citing *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537,* 334 F.2d 381, 384 (10the Cir. 1964)(holding that federal agencies are bound by discovery rules in the same manner as any other litigant).[4] The Federal Rules of Civil Procedure, moreover, have been held to have the force and effect of statute. *Dean v. Veterans Admin. Regional Office,* 151 F.R.D. 83, 84-85 (N.D. Ohio 1993), citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941).

"Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Bankers Trust, supra.* citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D. Ill. 1980).

"Members of the U.S. Supreme Court, the Federal judiciary and the Supreme Courts of the individual states do not require personnel security clearances. They may be granted access to DoD classified information to the extent necessary to adjudicate cases being heard before these individual courts." 32 C.F.R. § 154.16(d)(5). The court makes a determination of whether the state secrets doctrine applies after reviewing materials the government produces under seal. See

---

[4] *Touhy* regulations internally control the manner in which federal agencies respond to subpoena requests for documents and information. The regulations derive their name from *United States, ex rel Touhy v. Ragen,* 340 U.S. 462, 471 (1951), where the Court held that a government agency may withhold from its subordinates the power to comply with a validly issued subpoenas. Such regulations are adopted pursuant to 5 U.S.C. § 301, commonly referred to as the federal "Housekeeping Statute". See *Beck v. Haik,* 377 F.3d 624, 638 (6th Cir. 2004), *rev'd on other grounds, Adkins v. Wolever,* 554 F.3d 650 (2009).

*Tenenbaum v. Somonini,* 372 F.3d 776, 777 (6th Cir. 2004).

With the foregoing principles in mind, this Court concludes that the United States, as a party to this action, is bound by Fed.R.Civ.P 34 and it has the legal right to obtain on demand documents from its own agencies. Accordingly, Plaintiffs' Motion to Compel Production of Documents, (Doc 107), is well taken and granted within the following parameters. First, to the extent that the Defendants claim that requested documents contain classified information, Defendants shall file those documents under seal for the Court's *in camera* inspection. Second, to the extent that any of the documents which Plaintiffs have requested are the subject of Plaintiffs' FOIA action, Defendants need not produce those documents but rather, file under seal a list of those requested documents and the Defendants' explanation for not producing them to Plaintiffs. Finally, Defendants shall produce the requested documents within thirty days of the date of this Order.

Finally, the Court will entertain Plaintiffs' properly prepared and filed motion for fees incurred in connection with the present Motion.

III. Plaintiff's Motion for Leave to File Third Amended Complaint Adding a Defendant and Jury Demand (Doc. 109).

Plaintiffs have moved the Court pursuant to Fed.R.Civ.P. 15(a)(2) for leave to file a Third Amended Complaint against the United States, the U.S. Department of Defense, the Department of the U.S. Air Force, and Debra L. Kyle, Deputy Director, U.S. Air Force Central Adjudication Facility. (Doc. 109). The parties have fully briefed the issues, (*Id.*, Doc. 118, 122), and the matter is ripe for decision on the merits.

Plaintiffs seek leave to file a Third Amended Complaint to add as a defendant Debra L. Kyle, Deputy Director U.S. Air Force Central Adjudication Facility. Plaintiff's seek to bring an *Bivens, supra,* action against Ms. Kyle based on her alleged violation of Plaintiffs' Fifth Amendment

due process rights. PageID 1481. Although Plaintiffs have not appended a copy of their proposed Third Amended Complaint, Plaintiffs' claim seems to be that Ms. Kyle deprived them of their liberty interest by failing to follow certain Air Force regulations in adjudicating Mr. Montgomery's security clearance investigation which resulted in "palpable harm" to Plaitniffs. PageID 1483. Plaintiffs also claim that Ms. Kyle engaged in malevolent acts against Mr. Montgomery. PageID 1779-80.

Defendants oppose Plaintiffs' Motion on several grounds. (Doc. 118). Defendants' position is that Mr. Montgomery does not have a liberty interest in maintaining a security clearance or having an investigation adjudicated so that he may have his clearance reinstated, that Plaintiffs' proposed *Bivens* action is precluded by the APA, that the nature of Plaintiffs' claims foreclose a *Bivens* remedy, that Ms. Kyle is entitled to qualified immunity, and that the Court should deny the Motion for reasons of judicial economy. *Id.*

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, *i.e.*, if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman,*

10

*supra.* In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that, "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

Plaintiffs have couched their constitutional/*Bivens* challenges in such terms that reveal they are essentially disguised attempts to have this Court review the merits of Defendants' decision which resulted in the suspension of Mr. Montgomery's security clearance. There are at least two reasons why Plaintiffs' proposed claims against Ms. Kyle would fail.

First, there is no constitutionally protected property or liberty interest in a security clearance. *Department of Navy v. Egan*, 484 U.S. 518 (1988). Therefore, Plaintiffs' Fifth Amendment liberty interest claim would not survive a Rule 12(b)(6) motion.

Second, the APA precludes Plaintiffs' *Bivens* action. "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, [the Supreme Court has] not created additional *Bivens* remedies." *Schweiker v. Chilicky,* 487 U.S. 412, 423 (1988). "The APA's comprehensive provisions... allow any person 'adversely affected of aggrieved' by agency action to obtain judicial review thereof, so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in court.'" *Webster v. Doe,* 486 U.S. 592, 599 (1988)(citing 5 U.S.C. §§ 701-06). The APA leaves no room for *Bivens* claims based on agency action or inaction. *Western Radio Services, Co. v. U.S. Forest Service,* 578 F.3d 1116, 1123 (9th Cir. 2009). "The design of the APA raised the inferences that Congress

11

'expected the Judiciary to stay its *Bivens* hand' and provides 'a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages'". *Id.,* quoting *Wilkie v. Robbins,* 551 U.S. 537, 550, 554 (2007). With these principles in mind, this Court concludes that Plaintiffs' proposed claims against Ms. Kyle would not survive a Rule 12(b)(6) motion.

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint Adding a Defendant and Jury Demand, (Doc. 109), is denied.

IV. <u>Plaintiffs' Motion for Leave to Serve Discovery</u> (Doc. 123)

Plaintiffs have moved pursuant to Fed.Civ.R. 26 for leave to serve additional discovery on Defendants. (Doc. 123). The parties have briefed the issues, (*Id.*, Doc. 125, 127), and the matter is ripe for decision on the merits.

Plaintiffs claim they propounded ten Interrogatories and one Request for Production on Defendants on July 20, 211, and that Defendants refused to respond to the discovery requests on the grounds that Plaintiffs had already served more than twenty-five Interrogatories on Defendants, the maximum number allowed under Fed.R.Civ.P. 33(a)(1). Plaintiffs argue that the additional discovery is necessary because questions were raised by the Declaration of Robert A. Harney, Director of Office Security and Counterintelligence for the National Reconnaissance Office, which accompanied the *Vaughn* index Defendants provided on February 17, 2011.

Rule 33(a)(1) provides that "[unless otherwist stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." A court has discretion to permit additional interrogatories in accordance with Rule 12(b)(2). *Id.* However, Rule 26(b)(2)(C) requires a court to limit discovery it (1) the requested discovery is unreasonably cumulative or duplicative or can be obtained from a more convenient or

12

less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense outweighs the likely benefit of the discovery.

Plaintiffs have already propounded over twenty-five Interrogatories to Defendants.[5] The Interrogatories that Plaintiffs propounded to Defendants on July20, 2011, are numbered seriatim one through ten. Nevertheless, when the Court includes the discrete subsections in the count, the Interrogatories actually number twenty-nine. PageID 1806-12. Of course, the Request for Production seeks the production of "each and every document consulted, referred to, or reviewed in connection" with Defendants' answers to the Interrogatories at issue. PageID 1819.

In the exercise of its discretion in, the Court declines to allow the requested additional discovery. First, in support of their present Motion, Plaintiffs' argue that the additional Interrogatories are necessary because Defendants have not produced for deposition certain witnesses which they had previously agreed to produce. However, the Court has granted Plaintiffs' Motion to Compel Depositions of Government Employees (Doc. 109). See, Part I, *supra*. Second, Plaintiffs have known since they filed their original Complaint on December 21, 2007, almost four years ago, that the National Reconnaissance Office, the office in which Mr. Harney works, was involved in his claims. (Doc. 1; PageID 11). Yet, Plaintiffs have not, until now, sought to proceed with discovery directed or related to that office.

Plaintiffs' Motion for Leave to Serve Discovery, (Doc. 123), is denied.

V. Plaintiffs' Motion for Attorney's Fees and Costs for Filing Motion for Order Requiring *Vaughn* Index (Doc. 124)

---

[5] Defendants represent that Plaintiffs have already served sixty-two Interrogatories on Defendants. Although Plaintiff's object to Defendants' specific "tally" of sixty-two, PageID 1843-44, Plaintiffs do not counter Defendants' argument that they (Plaintiffs) have already served more than the twenty-five Interrogatories permitted by Rule 33.

Plaintiffs have moved the Court pursuant to Fed.R.Civ.P. 37(a)(5)(A) for an award ot attorney's fees and costs which they allege they "incurred in connection with filing their successful Motion for Order Requiring Vaughn Index and In-Camera Review of Withheld Documents and Third Motion to Compel (Doc 93)". PageID 1822. The parties have fully briefed the issues, (*Id.,* Doc. 126, 128), and the matter is ripe for decision on the merits.

Rule 37 of the Federal Rules of Civil Procedure requires the party whose conduce necessitated a successful motion to compel to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A). S.D.Ohio Civ. R. 37.2 provides, in part, that a motion to compel discovery made pursuant to Fed.R.Civ.P 37(a) "shall be accompanied by ... a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences."

On February 17, 2011, Plaintiff's filed a Motion for Order Requiring *Vaughn* Index and *In Camera* Review of Withheld Documents and Third Motion to Compel. (Doc 93). Plaintiffs Motion reads in part:

> Plaintiffs, Joel B. Montgomery and M & M Aviation, by counsel, respectfully request that the Court center an Order pursuant to 5 U.S.C. §552((b)(1) [double parenthesis in original], requiring the Defendants to prepare a *Vaughn* index of the documents Defendants withheld from Montgomery, and for the court to review *in camera* those documents the Defendants withheld from Plaintiffs.

PageID 1201. In support of that Motion, Plaintiffs stated in part:

> Plaintiffs, Joel B. Montgomery and M & M Aviation, by counsel, respectfully request that the Court enter an Order pursuant to 5 U.S.C. §555((b)(1) [double parenthesis in original]., requiring the United States Department of Defense ("DoD") and the Department of the United States Air Force ("Air Force"), (collectively, "Defendants" or "the Government") to prepare a *Vaughn* index of the Documents Defendants withheld from Montgomery, and for the

14

> Court to review *in camera* those documents the Defendants withheld
> from Plaintiffs.

PageID 1206.

First, as reflected by the language of the Motion as well as memorandum in support of that Motion, Plaintiffs filed their Motion for Order Requiring *Vaughn* Index pursuant to the APA, specifically, 5 U.S.C. § 553(b)(1), and not Fed.R.Civ.P. 37. Second, Plaintiffs did not treat their Motion as a motion made pursuant to Rule 37 in that they did not comply with S.D.Ohio Civ. R. 37.2 by providing a certification of counsel setting forth the extrajudicial means which counsel have used in attempting to resolve differences.

While Plaintiffs did move to compel the production of certain documents, the dispute involving the *Vaughn* index revolved around whether the Defendants properly withheld documents which they alleged were not discoverable because they were classified. The purpose of the *Vaughn* index is to provide the explanation for the withholding of the allegedly classified documents.

Because Plaintiffs did not make their Motion for Order Requiring *Vaughn* Index pursuant to Rule 37, Rule 37(a)(5)(A) does not provide a basis for the award of attorney's fees and expenses.

Plaintiffs' Motion for Attorney's Fees and Costs for Filing Motion for Order Requiring *Vaughn* Index, (Doc. 124), is denied.

VI. <u>Plaintiffs' Revised Motion to Extend Discovery Deadline and Dispositive Motion Deadline</u> (Doc. 130)

Plaintiffs have moved the Court to extend the discovery deadline in this case from November 20, 2011, until May 30, 2012, and the summary judgment deadline from January 20, 2012, to July 20, 2012. *Id.* Although Defendants' position is that Plaintiffs are not entitled to any

15

additional discovery, they do not object to extending the discovery cut-off and due dates. (Doc. 131).

During the May 20, 2011, conference call, the Court pointed out that this case is more than four years old and not ready for trial yet and that the Court is presumptively accountable to the public and the Congress for "why [the Court is] not getting the case done." PageID 1462-63. With that in mind, along with the Court's rulings on Plaintiffs' various discovery motions, the Court grants Plaintiffs' Motion within the following limits.

The discovery deadline in this case is extended to March 15, 2012. The summary judgment motion deadline is extended to April 15, 2012. In view of the age of this case and this Court's obligations under the Civil Justice Reform Act of 1990, Pub.L. 101-650, 104 Stat. 5089 (eff. Dec. 1, 1990), see PageID 1462, the Court will not grant any further motions for extensions of time in this case.

Plaintiffs' Revised Motion to Extend Discovery Deadline and Dispositive Motion Deadline, (Doc. 130), is granted as modified.

December 7, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Montgomery_various_motions.wpd