## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOEL B. MONTGOMERY, et al.,

              Plaintiffs,               :         Case No. 3:07-cv-470

      -vs-                             Magistrate Judge Michael R. Merz

                                   :

MARY L. SANDERS, et al.,

              Defendants.

## DECISION AND ORDER GRANTING FEDERAL DEFENDANTS'
## MOTION FOR RECONSIDERATION

This case is before the Court on the Federal Defendants' Motion for Reconsideration (Doc. No. 139) which Plaintiffs oppose (Doc. No. 142); the Federal Defendants have filed a Reply Memorandum in Support (Doc. No. 151).  Defendants seek reconsideration of those portions of the Court's December 7, 2011, Decision and Order (the "Order") which granted the Plaintiffs' Motion to Compel production of documents in the possession, custody, and control of the Federal Bureau of Investigation and required that any of such documents which included classified information be filed under seal for in camera inspection (Doc. No. 132, PageID 1872-1874 )

Despite having themselves filed a Motion to Reconsider (Doc. No. 140) denial of their motion for leave to amend a month prior to their Memorandum in Opposition, Plaintiffs dispute the appropriateness of the Court's reconsidering the decision to grant the motion to compel (Memo in Opp., Doc. No. 142, PageID 2017-2019).  None of the authority cited by Plaintiffs suggests this Court lacks authority to reconsider granting the motion to compel.  Prejudgment

1

orders remain interlocutory and can be reconsidered at any time.  Moore's Federal Practice ¶0.404 (1982).  "As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Yarbrough v. Warden*, 2009 U.S. Dist. LEXIS 27050 *3 (S.D. Ohio Apr. 1, 2009), quoting *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).  Defendants do not rely on any newly-discovered evidence or intervening authority, so much as becoming aware of authority after the Decision was filed.  To avoid any possible error of law, the Court is willing to reconsider.

The gravamen of Defendants' Motion is that the Assistant United States Attorney representing the Defendants in this case learned, after the Order was entered, of several FBI objections to the production.  The first of these is "U.S. Department of Justice regulations … forbid the FBI from making classified documents available to a U.S. Magistrate Judge until the judge obtains a security clearance. See 28 C.F.R. § 17.46. (See attached declaration of FBI, SAC Edward J. Hanko.)"  (Doc. No. 139, PageID 1910.)  That objection has been rendered moot by the subsequent grant of a security clearance to the undersigned.  However, at the time the Decision and Order was filed, compliance with it would have violated Department of Justice regulations.  That provides a satisfactory basis for the Defendants' request for reconsideration.

The second objection is a relevance matter:  "plaintiff has not explained how any FBI documents could be reasonably calculated to lead to the discovery of admissible evidence regarding any of his pending claims."  *Id.*

Defendants assert that relevance questions should be resolved first before reaching any

possible privilege questions that the FBI might raise, e.g., state secrets, investigatory, or deliberative process, relying on *Freeman v. Seligson*, 405 F.2d 1326, 1338 (D.C. Cir. 1968). *Id.* at PageID 1912-1913.  Defendants further assert that the United States is not a proper party to a Freedom of Information Act or Privacy Act case and that including the United States as a party to an Administrative Procedures Act case does not open all federal agency files and particularly FBI files to discovery.  *Id.* at PageID 1914-1916.

Plaintiffs' arguments in opposition focus on the fact that the Defendants had opportunities to raise these defenses to production of documents previously.  While admitting that "the Air Force and not the FBI is a named Defendant in this case, the Court need not concern itself with any internal issues between the FBI and the Air Force or Department of Justice and Department of Defense for that matter. Instead, the Air Force should be ordered to re-acquire the ROI and produce it."  (Doc. No. 142 at PageID 2019-2020.)  Of course, that is a quite different order from the one the Court issued; the original Order did require production of documents from a non-party.  Plaintiffs' oversimplified view, which the Court incorrectly adopted in the Order, is that the Government is the Government is the Government and the United States can compel any of its agencies to produce documents in litigation.   While that may be true in the sense that the President can see anything he wants produced within the Executive Branch, it is too simple a basis on which to decide whether a litigant can see FBI documents in a case in which the FBI is not a party.

Regarding Defendants' relevancy objection, Plaintiffs also note that it could have been but was not raised in opposition to their Motion to Compel (Doc. No. 142, PageID 2020).  Therefore, Plaintiffs argue, Defendant have waived any relevancy objection.  *Id.*  This elides Defendants' point, which the Court finds to be well taken, that deciding relevancy could avoid

3

the much more cumbersome task of deciding privilege questions and applying the Classified Information Protection Act.  Deciding the relevancy question first is in the interest of judicial economy.

Proceeding to the relevancy question itself, Plaintiffs argue that nothing

> could be more relevant to Montgomery's claims than the very investigation into the derogatory reports which set in motion the adverse actions under which Montgomery has suffered . . ." The ROI is the heart of Montgomery's claim because it is inextricably intertwined with the suspension of his security clearance. It should have been adjudicated by the Air Force. Instead, it was destroyed. Debra Kyle, the Assistant Director of the Air Force Clearance Facility, testified during her deposition that she ordered the ROI destroyed because Montgomery had been transferred to the U.S. Air Force Inactive Ready Reserve and, she believed he was no longer eligible for a clearance. Because he allegedly was no longer eligible for a clearance, she claims she was not required to adjudicate the ROI.

*Id.* at 2021.  This argument seems to concede that Kyle did not rely on the content of the ROI to decide what she decided about Montgomery's clearance, but instead shredded the document without relying on it.  If the decisionmaker whose decision is being questioned did not rely on the document, how is it relevant to judicial review of her decision?  If Montgomery establishes, as is his apparent claim, that Kyle should have considered[1] the ROI, once he has established that point, the Court can order (or at least believes it can order) Ms. Kyle to reacquire the ROI and decide the case having considered it.  That does not imply that the document is producible in discovery.

Montgomery also claims

---

[1] Montgomery's counsel argues "it [the ROI] should have been adjudicated by the Air Force."  The same idiom – adjudicate the ROI – is used repeatedly in the Memo in Opp.  The Court does not understand the use of the verb "adjudicated" in that context.  If it means something other than "considered," counsel should advise the Court and explain how, as a matter of law, Plaintiff Montgomery is entitled to have the ROI adjudicated.

> there is evidence in this case that not only had Kyle conspired with personnel at NASIC, NRO, and the U.S. Air Force Reserve Management Group to transfer Montgomery to the IRR, but that Kyle purposely ordered the destruction of the ROI so, it could not be adjudicated.

*Id.* That statement is devoid of any description of the evidence or any record reference to it.

Plaintiffs conclude their Memorandum in Opposition with a lengthy quotation on spoliation from *O'Brien v. Donnelly*, No. 2:04-cv-085, 2010 U. S. Dist. LEXIS 101195 (S.D. Ohio Sept. 27, 2010)(Smith, D.J.) and argues the Court should sanction the Air Force for spoliation of the ROI.  Since Plaintiffs have not yet established the relevance of the FBI documents, they have also not shown anything approaching spoliation.  It is not spoliation for a decisionmaker to destroy a copy of a confidential document not relied on for the decision in question, rather than to keep the copy and perhaps provide support for the inference that one did rely on it.  As Plaintiffs themselves concede, the Air Force can reacquire the document from the FBI if this Court eventually decides Ms. Kyle should have considered it.  Ms. Kyle apparently admits ordering destruction of the copy, but no evidence has been presented to the Court that she in any way attempted to have the FBI destroy the original.

Defendants' Motion for reconsideration is GRANTED.  That portion of the Decision and Order of December 7, 2011, ordering the federal Bureau of Investigation to produce documents is VACATED.  This decision is without prejudice to further order if the relevance of the FBI documents is established and after any privilege objections are decided.

March 18, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
