**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOEL B. MONTGOMERY, et al.,

      Plaintiffs,                :         Case No. 3:07-cv-470

  -vs-                                       Magistrate Judge Michael R. Merz

                                      :

MARY L. SANDERS, et al.,

      Defendants.

## DECISION AND ORDER DENYING PLAINTFFS' MOTION TO COMPEL

      This case is before the Court on Plaintiff's Motion to Compel. Doc. 162. Defendants have filed a Memorandum in Opposition, (Doc. 163), Plaintiffs have filed a Reply, (Doc. 166), and the matter is ripe for decision on the merits.

    Essentially, Plaintiffs have moved the Court for an Order compelling Defendants to produce a proper Rule 30(b)(6) witness for deposition. Doc. 162. Plaintiffs argue that, "on January 11, 2012, Plaintiffs served a Notice to Take 30(b)(6) Deposition on Theresa Schroerluke, IA4 Security Analyst, U.S. Air Force, National Air and Space Intelligence Center ("NASIC") stating that testimony would be solicited regarding" certain described matters. PageID 2168-69. However, according to Plaintiffs, when they took Ms. Schroerluke's deposition, she was not able to answer questions about the matters described in the Notice. PageID 2169-72. In light of Ms. Schroerluke's alleged inability to answer Defendants' questions on the matters described in the Notice, Plaintiffs seek an Order directing Defendants to produce a Rule 30(b)(6) witness who is able to answer those questions.

Defendants' position is that Ms. Schroerluke was never served with a Rule 30(b)(6) Notice and that even if she had been a Rule 30(b)(6) witness, her testimony was not deficient. (Doc. 163).

An organization that is served with a Rule 30(b)(6) deposition notice is obligated to produce a witness knowledgeable about the subjects described in the notice and to prepare that witness to testify not just to his or her own knowledge, but the organization's knowledge. *Prosonic Corp. v, Stafford,* No. 2:07-CV-0803, 2008 WL 2323528 (S.D. Ohio June 2, 2008). For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the organization must designate and adequately prepare the witness to address those matters. *Id.* (citations omitted).

By way of letter dated January 28, 2010, Plaintiffs' counsel contacted Defendants' counsel, seeking to arrange Rule 30(b)(6) depositions. Doc. 166, Attachment A thereto, PageID 2316. In the absence of a response from Defendants' counsel, Plaintiffs' counsel re-sent the letter on March 2, 2010. *Id.* Plaintiffs' counsel attached to that letter five incomplete Notice to Take Rule 30(b)(6) Deposition notices including one directed to "Department of Air Force National Air and Space and Intelligence Center."[1] Doc. 166, Attachment 2 thereto, PageID 2318-32.

By way of letter dated July 16, 2010, Defendants' counsel advised Plaintiffs' counsel that, "regarding your desire to take Civil Rule 30(b)(6) depositions" … Ms. Schroerluke would be the best person to provide information for NASIC", and that they could "probably do her deposition at my office in the Dayton, Ohio Federal Building." Doc. 133, Attachment 3 thereto, PageID 2333.

---

[1] The notices are incomplete in that, other than the year "2010", they do not reflect the date or the time for the 30(b)(6) depositions nor are any of the Certificates of Service completed. *Id.* The Notices indicate that the depositions will take place "at the office of R. Mark Henry, Skelton McQuiston Gounaris & Henry, 103 W. 2nd Street, Suite 1818, Dayton, OH 45402". *Id.*

Subsequently, the parties engaged in a discovery dispute which they eventually brought to the Court and which resulted in the Court issuing a Decision and Order dated December 7, 2011. Doc. 132. In that Order, the Court reviewed the background of the dispute with respect to the taking of depositions and noted that in a February 15, 2001, email Plaintiffs' counsel advised Defendants' counsel that Plaintiffs found it necessary "to add several fact and FRCP 30(b)(6) witnesses" to the list of depositions Plaintiffs wanted to take. PageID 1868 citing PageID 1379. The Court also noted that on February 22, 2011, Plaintiffs' counsel sent to Defendants' counsel a Notice of Deposition of Government Witnesses in which Plaintiffs noticed their intent to depose several "Government employee fact witnesses" including Teresa A. Schroerluke. PageID 1868 citing PageID 1380-82.

In its December 7, 2011, Order, the Court, *inter alia,* granted Plaintiffs' Motion to Compel Depositions of Government Witnesses. PageID 1871-72. On January 11, 2012, Plaintiffs' counsel served Defendants' counsel with, *inter alia*, a Notice of Deposition which indicates that Plaintiffs would take Theresa Schroerluke's deposition on January 25, 2012, at 9:00 a.m. at the U.S. Attorney's Office in Dayton, Ohio. PageID 2233.

The January 11, 2012, Notice of Deposition which Plaintiffs' counsel served on Defendants' counsel is completely silent as to Rule 30(b)(6). Specifically, it does not identify the January 25, 2012, deposition as a Rule 30(b)(6) deposition nor does not described the Rule 30(b)(6) subjects about which Plaintiffs intended to examine Ms. Schroerluke. That is in stark contrast to the January, 2010, Notice to Take 30(b)(6) Deposition of an unidentified individual from the NASIC which identifies both the fact that Plaintiffs intended to take a Rule 30(b)(6) deposition and which specifically identified six matters about which Plaintiffs would examine the deponent. PageID 2321-23.

While it is true that in July, 2010, Defendants identified Ms. Schroerluke as "the best person to provide information for NASIC", in February, 2011, Plaintiffs' counsel noticed their intent to depose several "Government employee fact witnesses" including Teresa A. Schroerluke. In other words, Plaintiffs now referred to Ms. Schroerluke as a fact witness rather than a Rule 30(b)(6) witness. The fact that Plaintiffs referred to Ms. Schroerluke as a fact witness in February, 2011, and the fact that Plaintiffs' January, 2012, Notice of Deposition fails to identify Ms. Schroerluke's deposition as one pursuant to Rule 30(b)(6) or to describe the Rule 30(b)(6) subjects about which Plaintiffs intended to examine Ms. Schroerluke are fatal to Plaintiffs' current motion. Because Plaintiffs' did not serve a proper Rule 30(b)(6) deposition notice with respect to Ms. Schroerluke, Ms. Schroerluke's alleged inability to answer questions about the subjects which Plaintiffs identified in the incomplete and unserved January, 2010, Notice did not violate Rule 30(b)(6).

Plaintiffs' Motion to Compel, (Doc. 162), is not well taken and is denied.

March 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

4