IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOEL B. MONTGOMERY, et al.,

        Plaintiffs,                    :         Case No. 3:07-cv-470

  -vs-                                      Magistrate Judge Michael R. Merz
                                      :

MARY L. SANDERS, et al.,

        Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiffs' Motion to Compel the production of documents sought in items 13 and 14 of Plaintiffs' Fifth Request for Production of Documents (the "Fifth Request," Doc. No. 167). Defendants oppose the Motion (Doc. No. 168) and Plaintiffs have filed a Reply in support (Doc. No. 169). Counsel confirmed during the telephone status conference on March 20, 2013, that the motion is ripe for decision.

Plaintiffs seek the following documents: (1) all information collected, gathered, reported, documented, obtained, and maintained by the Government pertaining to Plaintiff Montgomery (Montgomery) related to any Foreign Intelligence Surveillance Act [50 U.S.C. § 1806(f)] ("FISA") warrant; (2) concerning the employment of a geo-positional satellite ("GPS") tracking device on Montgomery's personal automobile; (3) employing a wire/telephone tap on Montgomery's home telephone and computer; (4) installing a camera in Montgomery's home; (5) all documentation used to obtain the FISA warrant, if any such warrant was first obtained; and (6) documents generated as a result of such surveillance. (Motion, Doc. No. 167, PageID 2335-36). As authority for obtaining these materials, Plaintiffs claim they are relevant to the

1

pending litigation and that their production is authorized by 50 U.S.C. §§ 1806, et seq.

Defendants object first of all that the scope of information sought to be compelled is beyond the scope of the Fifth Request (Memo in Opp., Doc. No. 168, PageID 2399, n. 1, which states: "Federal Defendants note that Plaintiffs' Fifth Request For Production of Documents did not allege that there was a camera installed in Mr. Montgomery's home, nor did it request documents "generated as a result" of any alleged surveillance. See Doc. 167-4, Requests No. 13 and 14, pp. 11-12.")  Plaintiffs do not reply to this point.

Secondly, Defendants object, and show that they objected at the time of responding to the Fifth Request, that Plaintiffs have not shown the relevance of the requested documents to the claims for relief pending in this matter, to wit, a FOIA claim, a Privacy Act claim, and two claims under the Administrative Procedure Act.

Plaintiffs respond that the Government's interpretation of relevancy is "narrow-minded," relying instead on the broad interpretation of discovery under the Federal Rules of Civil Procedure adopted by the Supreme in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978).  While that broad definition was in place for many years, the Supreme Court amended Fed. R. Civ. P. 26, effective December 1, 2000, to provide

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the **claim or defense** of any party, including the existence, description, nature, custody, condition, and location or any books, documents, or other tangible things and the identify and location of person having knowledge of any discoverable matter.  For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action
> .

The effect of the amendment is to limit party-controlled discovery to material "relevant to the

claim or defense of any party."[1]  The intent of the amendment was to cut back on the scope of discovery because of concerns at the Bar of costs associated with broad discovery beyond the needs of the particular case.  Advisory Committee Notes to 2000 amendments to Rule 26.

The Court agrees with Defendants that Plaintiffs have not shown the relevance of the sought information to any claim or defense in this case, which now consists of an FOIA claim, a Privacy Act claim, and two Administrative Procedure Act claims.

Third, Defendants object that 50 U.S.C. § 1806 is inapplicable because the Foreign Intelligence Surveillance Act ("FISA") does not provide a freestanding mechanism for discovering whether alleged surveillance took place or not. They note that 50 U.S.C. § 1810 is not applicable because Plaintiffs have not pled a civil action under FISA.

In their Reply, Plaintiffs confirm that they are not now attempting to assert a civil liability claim under 50 U.S.C. § 1810.  Instead, they assert they have established a prima facie case that Montgomery is an aggrieved person within the meaning of 50 U.S.C. § 1801(k), there defined as "a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance."  Plaintiffs rely on *In re NSA Telecom Litigation*, 700 F. Supp. 2d 1182 (N.D. Cal. 2010), but it does not support their position because that case was expressly brought under 50 U.S.C. § 1810, and Plaintiffs have not pled or attempted to plead such a claim in this case.[2]

Defendants assert that 50 U.S.C. § 1806 only applies when the Government seeks to use information obtained through the FISA process against someone, which is manifestly not the case here.  Defendants rely on the legislative history for that interpretation (Memo in Opp. Doc.

---

[1] Neither party has requested that the scope of discovery in this case be expanded to the scope which would have been permitted under the 1938 version of Fed. R. Civ. P. 26.
[2] The Court also notes that the cited decision was overruled in *Al-Haramain Islamic Found., Inc., v. Obama*, 690 F.3d 1089 (9th Cir. 2012), amended and superseded on other grounds, 705 F.3d 845 (9th Cir. 2012).

No. 168, PageID 2402). Plaintiffs offer no countervailing authority and the Court is aware of none.

Accordingly, Plaintiffs' Motion to Compel Production of Documents sought in their Fifth Request for Production is DENIED.

s/ *Michael R. Merz*<br>United States Magistrate Judge